Brent H. Blakely (SBN 157292)
brentblakely@earthlink.net
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*General Motors Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL MOTORS CORPORATION,<br><br>                    Plaintiff,<br><br>        vs.<br><br>COSSTAR, INC., et al.<br><br>                    Defendants. | CASE NO. CV 08-7760 CAS (PLAx)<br><br>***ORDER RE CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION; VOLUNTARY DISMISSAL WITH PREJUDICE AS TO DEFENDANT TRISTAR DISTRIBUTOR, INC.*** |

Plaintiff General Motors Corporation ("GM" or "Plaintiff") and Defendant Tristar Distributor, Inc. ("Defendant") have entered into a Settlement Agreement and Mutual Release as to the claims in the above referenced matter. Defendant, having agreed to consent to the below terms, it is hereby:

ORDERED, ADJUDGED, and DECREED as among the parties hereto that:

1. This Court has jurisdiction over the parties to this Final Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Plaintiff GM is the owner of the registered GM HUMMER® Marks, including but not limited to, U.S. Registration Nos. 2926350, 2994281 and 3014908 for the trademarks for toys, toy vehicles, models of vehicles, hobby kits, radio controlled cars, and board games (hereinafter, the "GM Hummer Marks").

3.   Plaintiff has alleged that Defendant's purchase and sale of toy car products allegedly infringing upon the GM Hummer Marks constitutes trademark infringement and unfair competition under the Lanham Trademark Act, 15 U.S.C. § 1051, et seq and under the common law.

4.   Defendant and its agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Final Judgment are hereby permanently restrained and enjoined from infringing upon GM's Hummer Marks, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any unauthorized product bearing the GM Hummer Marks, or marks confusingly similar or substantially similar to the GM Hummer Marks, and, specifically from:

(a)   using the GM Hummer Marks or any reproduction, counterfeit, copy or colorable imitation of the GM Hummer Marks in connection with the manufacture, importation, distribution, advertisement, offer for sale and/or sale of merchandise comprising not the genuine products of GM, or in any manner likely to cause others to believe that the Counterfeit Products are connected with GM or GM's genuine merchandise bearing the GM Hummer Marks;

(b)   passing off, inducing or enabling others to sell or pass off any products or other items that are not GM's genuine merchandise as and for GM's genuine merchandise;

(c)   committing any other acts calculated to cause purchasers to believe that Defendant's products are GM's genuine merchandise unless they are such; and

(d)   shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner items falsely bearing the GM Hummer Marks, or any reproduction, counterfeit, copy or colorable imitation of same.

5. The parties have agreed that Defendant shall pay to Plaintiff an amount in settlement of Plaintiff's demand for damages, profits, costs, disbursements, and attorneys' fees based upon Defendant's alleged infringing activities.  Plaintiff and Defendant shall bear their own costs associated with this action.

6. The execution of this Final Judgment by Counsel for the parties shall serve to bind and obligate the parties hereto.

7. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Final Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice as to Defendant Tristar Distributor, Inc.

**IT IS SO ORDERED.**

DATED:  March 16, 2009

_____
HON. CHRISTINA A. SNYDER
**United States District Judge**

Respectfully Submitted by:
BLAKELY LAW GROUP


By: _____/S/_____
Cindy Chan
*Attorneys for Plaintiff*
*General Motors Corporation*

3

[PROPOSED] ORDER GRANTING CONSENT JUDGMENT INCLUDING A PERMANENT INJUNCTION AND VOLUNTARY DISMISSAL OF DEFENDANT TRISTAR DISTRIBUTOR, INC.